[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10929
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00389-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRILL LADAJA GAINOUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 5, 2013)

Before MARTIN, DUBINA, and FAY, Circuit Judges.

PER CURIAM:

Terrill Ladaja Gainous appeals his 130-month sentence, imposed below the

applicable Sentencing Guidelines range, after pleading guilty to two counts of

distributing and possessing with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  We affirm.

## I.

Gainous was part of a multi-defendant, drug-trafficking operation in Tampa, Florida.  On December 20, 2010, an undercover officer purchased 0.9 grams of crack cocaine from Gainous.  On May 4, 2011, another drug dealer offered to sell the same officer a half-ounce of cocaine.  When the officer arrived at the meet location, Gainous came out of an apartment, entered the officer's car, and handed the officer a cigarette box with two plastic baggies, each containing 5.8 grams of cocaine base.  The officer paid $400 for the cocaine.

A federal grand jury returned an indictment charging Gainous with knowingly distributing and possessing with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Gainous pled guilty without a written plea agreement.  At sentencing, the district judge varied downward from the Guidelines range of 188 to 235 months and sentenced Gainous to a total of 130 months of imprisonment.

## II.

On appeal, Gainous argues his 130-month sentence is substantively unreasonable, under the totality of the circumstances of this case.  He asserts he was merely a facilitator in the drug-trafficking operation, not an upper-level drug

dealer, and he distributed far less than one ounce of cocaine.  Gainous argues the vast majority of his criminal history was related directly to his drug addiction. Furthermore, he had started to turn his life around, when he was arrested in this case.  He had earned his high-school diploma, was gainfully employed, and was beginning college courses.  Under those circumstances, he argues his total sentence is unduly harsh.

We review the reasonableness of a district judge's sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  We examine whether a sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Id.*

A sentence is substantively unreasonable if it "does not achieve the purposes of sentencing stated in § 3553(a)."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation and internal quotation marks omitted).  We remand only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (citation and internal quotation marks omitted).  The party challenging the sentence has the burden of establishing the sentence is unreasonable, based on the record and the § 3553(a) factors.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The district judge considered the totality of the circumstances and the § 3553(a) factors, and adequately considered mitigating evidence. The judge recognized Gainous's willingness to cooperate with the government and noted Gainous had been trying to turn his life around by getting his high-school diploma, going to college, and obtaining a job. The judge also considered Gainous was involved with only street-level drugs. The judge noted, however, Gainous had an extensive criminal history, and his prior terms of imprisonment had not impacted him.

Despite Gainous's extensive criminal history, the district judge granted a significant downward variance in this case and imposed a total sentence of 130 months of imprisonment. Gainous has failed to prove his sentence, which varied significantly below the Guidelines range of 188 to 235 months, is substantively unreasonable.

**AFFIRMED.**